United States District Court
Southern District of Texas
FILED

OCT 1 2 2010

David J. Bradley, Clerk of Court

MEMORANDUM

TO THE HONORABLE JUDGE OF THIS COURT:

Movant-David Rodriguez, pro-se, files this memorandum in support of this motion under 28 U.S.C. * 2255 to overturn conviction. Hereafter, movant will refer to this court's docket sheet (4:06-cr-00213) in order to present evidence in support of this memorandum. Furthermore, movant will provide this court with additional evidence and attach it to this memorandum as exhibits. Movant will submit 12 exhibits "A-L". Movant will refer the docket text number as (Dkt.#00) to reference the specific court documents. In support of this memorandum, movant states the following:

## Background

On June 14, 2006, Movant, his father, and the security company were indicted on several firearm violations. On October 20, 2006, AUSA Martinez filed a written plea-agreement pursuant to Rule 11(c)(1)(B) with this court. The terms of plea-agreement are located in movant's Sentencing Data Sheet.(Dkt#57) On October 23, 2006, movant pled guilty to count one of the indictment. Furthermore, Martinez recited the terms of the plea-agreement in open court and this court accepted the plea-agreement.(Exhibit A-Plea,Tx.)

On November 05, 2007, movant was sentenced to 37 months to prison by U.S. District Judge Vanessa Gilmore. AUSA Martinez dismissed the remaining counts against movant. On November 19, 2007, movant filed his notice of appeal and Attorney George D. Murphy Jr was appointed to represent movant on appeal on February 15, 2008.

Movant was having very serious problems with Attorney Murphy during the appeal because he refused to establish any form of communication with movant, his family, and the previous attorneys involved. Movant was then forced to file complaints with Judge Gilmore to have Murphy removed from his appeal. The complaints were based on ineffective legal assistance on appeal. (Dkt.#159, 161, 162)

Movant was then forced to file motions with The U.S. Court of Appeals for the Fifth Circuit to have Murphy removed from the appeal.(Exhibit B-Motions to 5th cir.) On October 17, 2008, the Fifth Circuit finally removed Murphy from movant's appeal but denied new counsel. However, the court did allow movant to proceed pro-se.

1

Furthermore, movant was forced to file pro-se briefs and motions with the Fifth Circuit. Murphy continued to provide ineffective assistance against movant even thought the Fifth Circuit informed Murphy that he is obligated to represent him while reviewing the motions to remove him from appeal. Murphy refused to communicate with movant. Movant was then forced to file pro-se motions and briefs with the Fifth Circuit. On September 29, 2008, movant filed a pro-se brief arguing breach of plea-agreement by AUSA Martinez. Appellate Chief Prosecutor James Turner did not respond. On November 14, 2008, movant filed a supplemental brief arguing Rule 11 variance from plea-agreement procedures asking for the conviction to be reversed. Turner did not respond and the Fifth Circuit never did rule on Rule 11 variance.

On December 02, 2008, Turner conceded that Martinez did indeed breach the terms of the plea-agreement during the sentencing. There is doubt that the Rule 11 variance argument triggered Turner's concession. Turner did not want movant's conviction overturned. In a motion, Turner did acknowledge that movant made a Rule 11 variance from plea-agreement procedures argument. However, Turner did not address the argument. (Exhibit C- Turner's Resp. to Opps. to Stk.Brf.pgs.2,5)

On January 29, 2009, The Fifth Circuit issued its mandate. The judgment of the District Court is affirmed in part and vacated in part, and the cause is remanded to the district court for further proceedings according to the court's opinion. As such, on February 03, 2009, Honorable Judge Sim Lake was added to the case and Honorable Judge Vanessa Gilmore was no longer assigned to the case.

Relying on the government's concession, the Fifth Circuit vacated movant's sentence but affirmed his conviction based on Murphy's deficient brief.(Exhibit D-5th Cir. Opn.)

At resentencing, movant was sentence to higher sentence. Judge Lake sentence him to 46 months of prison. Movant then filed his notice of appeal on March 15, 2009 (09-20181). On April 16, 2010, the Fifth Circuit affirmed Judge Lake's new judgment and sentence.(Dkt.#201)

<u>RULE 11 VARINACES FROM PLEA-AGREEMENT PROCEDURES</u>
GROUND ONE:
Fed. R. Crim. P. 11(c)(1)(B) mandates that at the time a plea is offered, the court

2

shall advised defendant personally in open court that a type B plea-agreement is only a recommendation made by the government and such recommendation is not binding upon the court. It is very important that defendant be aware that this is the nature of the agreement into which he has entered. Furthermore, based on ABA Standards Relating to Pleas of Guilty Sec. 1.5 (Approved draft, 1968), mandates that " the court must advise the defendant personally that the recommendations of the prosecuting attorney are not binding on the court."

Fed. R. Crim. P. 11(c)(3)(B) mandates "To the extend the plea-agreement is of the type specified in Rule11(c)(1)(B), the court must advise the defendant has no right to withdraw the plea if the court does not follow the recommendations or request. The defendant must be warned by the district court regarding the above facts.

Failure to comply with mandates, courts have reversed convictions when a district court failed to give the full Fed. R. Crim. P. 11(c)(1)(B) and (3)(B) warnings to defendant. U.S. v. Theron, 849 F.2d 477 (10th Cir.1988), U.S. v. Graibe, 946 F.2d 1428 (9th Cir.1991), and U.S. v. DeBusk, 976 F.2d 300 (6th Cir.1992)

Here, the record clearly shows that movant entered into plea-agreement with AUSA Martinez pursuant to Rule 11(c)(1)(B).(Dkt.#57) The substance of plea-agreement: defendant agrees to enter a guilty plea to Count one the indictment, Conspiracy. In exchange the United States agrees to; (1) dismiss counts 5 and 12 through 16 of indictment and (2) the government will not seek any upward adjustments contained in the U.S. Sentencing Commission Guidelines. There is nothing on this written document that warns movant that the recommendation made by the government is not binding upon the court.

Most importantly, the record clearly shows that Judge Gilmore did not follow the mandates set forth in Fed. R. Crim. P. 11(c)(1)(B) and (3)(B). In order to satisfied the due process requirements of the 5th Amendment, a defendant's guilty plea must be voluntary and intelligent. Judge Gilmore was required by law to personally warn movant in open court the above noted mandates. Instead, Judge Gilmore varied from Rule 11 plea-agreement procedures and as a result she substantially affected the rights of movant during the plea and sentencing hearings. (Exhibit A- pgs.2-16)

Movant would have never plead guilty to count one of the indictment if he knew

3

personally from the court or in writing from the government that his plea-agreement with AUSA Martinez was not binding upon the court.

The pre-sentence report sets movant offensive base level at 12 with a sentencing range of 10 to 16 months of prison. However, the three sentencing enhancements significantly increased movants base level to 24 with a sentencing range of 56 to 63 months of prison. The PSR recommended a 60 month prison sentence. Unfortunately, the PSR makes no mention of the above plea-agreement.(Dkt.#57) In fact, the PSR states that there is no written plea-agreement and it had no impact, Paragraph #86.

At sentencing, Judge Gilmore allowed AUSA Martinez and the probation officer to vigorously argue in favor of the three sentencing enhancements because the recommendations made by Martinez are not binding upon the court. This allowed the court to imposed a very harsh sentence against movant. In doing so, the court imposed a harsh sentence of 37 months in prison. The enhancements significantly increased movant's base level to 21 with a sentencing range of 37 to 46 months of prison.

At resentencing, Judge Lake allowed the probation officer to vigorously argue in favor of the three sentencing enhancements because the recommendations made by Martinez are not binding upon the court. This allowed the court to impose a very harsh sentence against movant. In doing so, the court imposed a 46 month prison sentence.

There is no doubt for this court to determine that Judge Gilmore variance from Rule 11 plea-agreement procedures substantially affected movant's rights during both hearings. Again, movant would have never pled guilty if his plea-agreement with the government was not binding upon the court. As a result, movant served a very harsh sentence based a Rule 11 variance from plea-agreement procedures.

## INEFFECTIVE LEGAL ASSISTANCE
### GROUND TWO:

The right to counsel is the right-to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668,686, (1984). When a jurisdiction provides an appeal of right, due process also guarantees the assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387 (1985). The defendant has right to expect that his attorney will use every skill, expand every energy ,and tap every legitimate resource in exercise of independent professional judgment on behalf of defendant and in undertaking representation. Frazer

4

v. United States, 18 F.3d 778,779 (9th Cir.1994). U.S.C.A. Const. Amend. 6. Counsel owes defendant duty of loyalty, unhindered by state or by counsel's constitutionally deficient performance.

In June 2006, movant's father hired Attorney James Stafford to represent movant during his criminal trial. Stafford entered plea-negotiations with AUSA Martinez. Before the plea-hearing, Martinez faxed over the terms of the plea-agreement to Stafford's office on October 20, 2006. It is the same plea-agreement that Martinez filed with the district court. On October 23, 2006, movant met with Stafford to discuss the details of the plea-agreement. He then gave movant a copy of Martinez's plea-agreement. At no point during the meeting, did Stafford informed movant that the recommendations made by Martinez were not binding upon the court. Stafford had a duty and obligation to inform movant that a type B plea-agreement is not binding upon the court. As a result, the courts imposed a very harsh sentence against movant's because the plea-agreement is not binding upon the court.

Stafford promised movant that the court would not allow AUSA Martinez to breach the plea-agreement. Unfortunately, the court did allow Martinez to breach the plea-agreement because the plea-agreement was not binding upon the court. Stafford misrepresented the facts and committed fraud against movant during his criminal trial. Stafford clearly failed to produce a binding plea-agreement with the court favorable to movant during plea negotiations. Stafford's performance was deficient and prejudice movant.

In 2008, movant wrote Stafford 7 letters, dated: February 26, March 04&11, June 05, July 07&27, and August 18. ( Exhibit E-letters to Stafford) In response, Stafford sent 3 letters to movant, dated: March 28, July 21, and August 06, 2008. (Exhibit F-Stafford's letters).

Movant's letter reminded Stafford that he is completely innocent of all the charges in the indictment. The only reason why movant plead guilty was because AUSA Martinez agreed to dismissed all of the charges against his father. Movant had a moral obligation to plea guilty. Stafford refused to state in writing in the plea-agreement that all the charges against movant's father will be dismissed. Minutes before the plea hearing, Stafford started to argue with movant that if he did not plea guilty today that his father

5

will surely go to prison for a very long time. Stafford had a duty and obligation to disclose all agreements made by movant and the government in open court. This will give the court the opportunity to determine if movant was under duress during the plea. This is especially true when family members are involve in the same case. Stafford threats put movant under extreme duress to plea guilty. Stafford failed to negotiate results favorable to movant in plea-negotiations. Instead, Stafford misrepresented the facts, committed fraud, and used threats to force movant to plea guilty. His representation was so inadequate and deficient that it clearly denied movant's 6th Amendment Right.

In September 2007, movant hired Attorney Jonathan Cox to represent him. Movant gave Cox a copy of the plea-agreement and informed him that AUSA Martinez had no intentions of honoring the plea-agreement. Cox then filed a motion to withdraw guilty plea. In his motion, he clearly stated that movant "Defendant pled guilty, in a straight plea, to count 1 of that indictment."(Dkt.#111) The record clearly shows that movant's guilty plea was the result of a plea-agreement pursuant to Rule 11(c)(1)(B). Cox gave false information and mislead the court. As a result, the court took adverse action against movant during the hearing and denied the motion. Cox's performance was deficient and prejudice movant.

At sentencing, AUSA Martinez vigorously argued in favor of three sentencing enhancements when he promised to not seek any upward adjustments found in the U.S.S.G. (See Exhibit G- Sent.Tx.pgs.4-64) Cox never did object to Martinez's breach of plea-agreement. Moreover, Cox ignored movant's warning that Martinez had no intentions of honoring the plea-agreement. As a result, the court imposed a harsh sentence based on the breach of plea-agreement by Martinez. Cox failed to be competent, prompt, and diligent. Cox's serious errors deprived movant of a fair sentencing hearing.

Also, at sentencing, the record clearly shows that AUSA Martinez was involve in personal and retaliatory misconduct during the hearing. Judge Gilmore became so concern with Martinez's misconduct that she felt compel to address them in open court: "But in terms of looking at what the sentencing range should be, it makes me fearful that it looks retaliatory. And I don't want to ever get into anything like that, so lets just leave that alone."(Exh.G- pgs.78) Cox never did object to Martinez's retaliatory misconduct.

Unfortunately, Martinez continued his abusive behavior against movant. Again,

Judge Gilmore became so concern that she felt compel to address them in open court: "I was kind of going with you for a minute there; but now your like going so far afield that your making me scared about any ruling that I might make in this case,"(Exh.G-pg.82). Again, Cox never did object to Martinez's personal misconduct. Cox had a duty and obligation to protect movant from retaliatory and personal misconduct by Martinez. Cox representation so inadequate and deficient that it denied movant's 1st amendment right to be free from retaliation by the government.

Movant is very grateful that Judge Gilmore defended his right to freedom of speech without fear of retaliation. Judge Gimore's statement was based on Martinez outrageous conduct which was no doubt conscious shocking.

On November 15, 2007, Cox filed a notice of appeal on the behalf of movant. (Dkt.#122) After the notice, Cox took no further action on appeal. Movant and his family made several attempts to contact him at his office. Cox never did return any phone calls or met with movant during the appeal. Movant wrote Cox three letters dated: February 19, 21 and March 20, 2008. (Exhibit H-Letters to Cox) Cox ever did respond to any of the letters. However, movant did speak with Cox one time over the phone. He stated that Attorney Murphy was not returning any of his phone calls. Cox did promise movant that he will work with Murphy during the appeal process. Cox never made any contact with Murphy during the appeal process.

Cox failed to maintain adequate communication with movant during the appeal process. Cox had a duty and obligation to represent movant during the appeal process. Cox was the attorney of record on appeal. He did not file a motion with the courts to remove himself from the appeal. Movant was then forced to file a pro-se motion with the court to appoint counsel on appeal.(Dkt.#135) Cox representation so inadequate and deficient that it denied movant's 6th amendment right to effective legal assistance on trial and appeal. Furthermore, Cox had a duty to file motions to correct an illegal sentence and for bail pending appeal based on breach of plea-agreement by Martinez. Instead, movant was forced to file pro-se motions without the benefit of legal assistance. (Dkt.#141,154)

On February 15, 2008, the district court appointed Attorney George D. Murphy Jr. to represent movant on appeal. Movant wrote Murphy 5 letters regarding the grounds for appeal. The grounds included ineffective assistance, breach of plea-agreement, and

prosecutorial misconduct. Murphy did not respond to any of the letters. Movant's father, Manuel Rodriguez Jr, hand delivered all of the letters to Murphy's secretary, Irma. His father made several visits to Murphy's office and Murphy made no effort to visit with him. His father provided Irma with a copy of the plea-agreement and Stafford's letter dated March 28, 2008 which clearly states the terms of the plea-agreement.

Furthermore, movant called Murphy's office several times and left messages with the secretary, Irma. Murphy did not return any phone calls and he made no effort to visit movant at the FDC in Houston. Movant's wife, Karla Rodriguez, spoke with Irma who stated that Murphy is not accepting any phone calls from inmates. Furthermore, Murphy refused to communicate with attorneys Stafford and Cox who were involve in critical stages of movant's criminal case. Murphy made a lot of bad decisions that only favored the government.

Murphy failed to maintain adequate communication with movant, his family, and previous attorneys. He failed to be competent, prompt, and diligent during the appeal processs. Movant was then forced to file several complaints against Murphy with the district court and court of appeals. In support of the complaints, movant's father gave a statement. (Dkt.159, 161, &165) & Exhibit B.

Furthermore, movant was forced to file motions for bail pending appeal. The grounds for appeal included breach of plea-agreement by Martinez, ineffective legal-assistance, and prosecutorial misconduct.(Dkt#141,154) Murphy had a duty and obligation to file these motion or assist movant. Instead, Murphy allowed movant to litigate with Martinez without the benefit of counsel. As such, the court denied the motion.

The record clearly shows that movant entered a plea-agreement with AUSA Martinez pursuant to Rule 11(c)(1)(B) and it was breached by Martinez during the sentencing. In addition, the evidence proves that Murphy was completely aware of the plea-agreement and that it was breach by Martinez. Nevertheless, he refused to make this obvious argument in his brief. A breach of plea-agreement by the government automatically overturns movant conviction.

The 6th amendment requires investigation and preparation, not only to exonerate, but also to secure and protect the rights of the accused such constitutional rights are

granted to the innocent and guilty alike, and failure to investigate and file appropriate motions is ineffectiveness. Kimmelman v. Morrison, 477 U.S. 365 (1986).

A thorough investigation by Murphy would have revealed a Rule 11 variance from plea-agreement procedures. This Rule 11 variance would have automatically overturned movant's conviction. The record clearly shows that the court varied from Rule 11 plea-agreement procedures. Nevertheless, he refused to make this obvious argument in his brief. Murphy failed to investigate any Rule 11 variances.

On April 22, 2008, Murphy filed his brief with the Fifth Circuit. His arguments did not include breach of plea-agreement by Martinez or Rule 11 variance from plea-agreement procedures. These above arguments would have automatically overturn movant's conviction. Murphy's decision not to make the above argument only favored the government. Movant heavily depended on Murphy's legal representation to overturn his conviction. Murphy had a duty and obligation to produce the most accurate and successful brief to overturn movant's conviction. Instead, Murphy filed a deficient brief and as a result the Fifth Circuit affirmed Movant's conviction. Murphy's representation was so inadequate and deficient that it denied movant's 6th Amendment right to effective legal assistance on appeal.(See Exhibit I-Murphy's Brief)

Murphy was never loyal to movant during the appeal process. Instead, he was loyal to AUSA Martinez. Murphy tried to cover-up the breach of plea-agreement by Martinez. Before the sentencing hearing, Martinez stated in a motion that there was no written plea-agreement in movants case.(Dkt.#112) Also, Martinez stated in two other motions that movant did not have a written plea-agreement. These motions were filed during the appeal process.(Dkt.#149&155) The record clearly shows that AUSA Martinez signed and filed a written plea-agreement with the court on October 20, 2006. (Dkt.#57). Martinez misrepresented the facts and intentionally mislead the court. As a result, the court denied the motions.

On April, 22, 2008, Murphy filed a appeal brief. In his brief, Murphy clearly stated that movant did not have a written plea-agreement.(Exhibit H-pg.3) Again, the record clearly shows that movant had a written plea-agreement signed and filed by Martinez. Murphy conspired with AUSA Martinez to obstruct justice during the appeal process. Murphy concealed the truth and intentionally mislead the courts. Murphy

9

attempted to cover-up Martinez's breach of plea-agreement at sentencing. As such, movant filed a legal mal-practice lawsuit against Murphy.

On June 22, 2010, movant filed a lawsuit against Murphy in Harris County Civil District Court. (201038072). The lawsuit is based on Murphy's illegal behavior that resulted his ineffective legal assistance on appeal. The evidence clearly shows that he conspired with federal prosecutors to obstruct justice during the appeal process. Murphy did not address the issues or refute the facts set forth in the lawsuit. The allegations made against Murphy are very serious but he made no effort to address any of them.

He also did not rebut the evidence (court documents) attach to the lawsuit. In fact, Murphy attached an affidavit to the suit. In his affidavit, he never once mentioned the plea-agreement or that it was breached by Martinez. The plea-agreement is central to the lawsuit. He misrepresented the facts and intentionally mislead the court. Murphy is a very dishonest attorney who has no creditability. Movant's conviction is the result of a plea-agreement pursuant to Rule 11(c)(1)(B). It is obvious that Murphy will never acknowledge the above facts in any court proceedings. (Exhibit J-Murphy's Affv.)

On June 30, 2008, The Fifth Circuit order Murphy to file a response to movant's complaints. The complaints were based on ineffective legal-assistance. On July 16, 2008, Murphy filed his response. Again, Murphy made no effort to address any of allegations made against him. The allegations are very serious. (Exhibit B) Murphy is a very dishonest attorney who has no creditability.

Movant has provided this court with overwhelming evidence that Murphy conspired with federal prosecutors to obstructed justice during movant's appeal process. Murphy misrepresented the facts and he intentionally mislead the courts. As a result, Murphy provided ineffective legal assistance on appeal and filed a deficient brief. In doing so, the Fifth Circuit affirmed movant's conviction. Murphy's illegal behavior denied movant's 6th amendment right to effective legal assistance on appeal.

<u>PROSECUTORIAL MISCONDUCT</u>
GROUND THREE:

Prosecutorial misconduct is any improper, unethical or illegal behavior by the government in the prosecution of a criminal defendant including obstruction of justice and interfering with attorney-client relationship of defendant and counsel during the

appeal process. In determining whether prosecutorial misconduct caused the accused substantial prejudice, the court of appeals looks at three factors: the severity of the misconduct, the measures adopted cure the effects of the misconduct, and the certainty of conviction in its absence. U.S. v. Valentine, 820 F.2d 565(2nd Cir.1987)

Movant will provide strong evidence that AUSA Martinez misrepresented the facts and mislead the district court during the appeal process. Movant will prove that he was denied 5th Amendment due process because of improper actions by prosecutors and show that the outcome might well have been different without the misconduct. The record clearly shows that Martinez signed and filed a written plea-agreement with the courts (Dkt.#57) and that he breached the plea-agreement by a vigorously arguing in favor of three sentencing enhancements when he promised not to seek any upward adjustments found in the U.S.S.G.(Exhibit G-pgs.4-64) Martinez informed the court on three motions that movant did not have a written plea-agreement (Dkt.#112, 147, 155) His statements contradicted the record. Martinez false statements caused the court to take adverse action against movant during trial and appeal. The court denied the motions. Movant's motions were based on the breach of plea-agreement by Martinez and other arguments. (Dkt.# 111,141,157) . Martinez misrepresented the facts and obstructed justice during the appeal process.

On April 22, 2008, Murphy filed his brief with the Fifth Circuit on the behalf of movant. In his brief, Murphy stated that there is no written plea-agreement.(Exhibit I-pg.3) Again, the record clearly shows that there is a written plea-agreement on file. Furthermore, movant provided Murphy with overwhelming evidence that there is a plea-agreement and that it was breached by AUSA Martinez. Murphy intentionally ignored the facts and evidence which only favors the government. Instead, he filed a deficient brief which resulted in movant's conviction affirmed by the Fifth Circuit. Murphy owes movant his loyalty and he is not be loyal to the government. Murphy misrepresented the facts and mislead the Fifth Circuit. Murphy is a very dishonest attorney who has no creditability. It is obvious that Murphy attempted to cover-up Martinez's breach of plea-agreement at sentencing.

On May 22, 2008, AUSA James L. Turner filed his brief on the behalf of the government. In his brief, Turner clearly stated that there is no plea-agreement in this case.

(Exhibit K-Turner's brf.pg.3) Again, his statement contradicts the record. Yet, on December 02, 2008, Turner conceded that there was a verbal plea-agreement and that it was breached by AUSA Martinez. (Exhibit L-Turner's Concs.) There is no doubt that Turner misrepresented the facts and mislead the Fifth Circuit. Turner is a very dishonest prosecutor who has no creditability. It is obvious that Turner attempted to cover-up Murphy's deficient brief and Martinez's breach of plea-agreement at sentencing.

Turner and Martinez had a sinister plan to secure a conviction against movant by interfering with movant's legal representation. They illegally influenced Murphy to file a deficient brief. Based on court records, they all agreed to conspire by stating that there is no plea-agreement in movant's criminal case. In doing so, Martinez, Murphy, and Turner conspired to obstruct justice during movant's appeal. As a result, the Fifth Circuit affirmed movant's conviction based on Murphy's illegal behavior and his ineffective legal assistance. Furthermore, the conviction is also based on the federal prosecutors illegal behavior during the appeal process.

Again, movant heavily depended on Murphy's legal representation on appeal to overturn his conviction. Breach of plea-agreement by Martinez and Rule 11 variance from plea-agreement procedures would have automatically overturn's movant's conviction. For unknown reasons, Murphy refused to make these arguments in his appeal brief. His ineffective legal assistance only favored the government.

Movant has provided this court with overwhelming evidence that the above federal prosecutors where involve in severe misconduct during movant's appeal. Furthermore, they used extreme measures to cure the effects of the misconduct and the certainty of conviction in its absence.

For all of the above reason, movant is asking this court to overturn his conviction with prejudice. In alternative, movant is asking this court to reverse conviction and allow him to plead anew.